IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STEPHEN ANTHONY BAUDOIN                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 2:11cv16-KS-MTP

LAURA STOGNER                                                      DEFENDANT

consolidated with

STEPHEN ANTHONY BAUDOIN                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 2:11cv17-KS-MTP

LAURA STOGNER                                                      DEFENDANT

## **ORDER**

These matters are before the Court on Defendant's [23] Motion to Consolidate.[1] Defendant has also filed what has been docketed as a [22] Motion to Dismiss and in the Alternative Answer and Affirmative Defenses.[2] In addition, Plaintiff has filed a motion to amend complaint.[3] Having considered the submissions of the parties, the entire record in both cases, and the applicable law, the Court finds that consolidation is appropriate.

These causes of action arise from conditions of confinement at the Marion/Walthall

---

[1] A motion to consolidate was filed in both Civil Action No. 2:11cv16 (the referenced docket entry) and Civil Action No. 2:11cv17 (docket entry [24]). This order will be entered in each case.

[2] Similar motions to dismiss were filed in both Civil Action No. 2:11cv16 (the referenced docket entry) and Civil Action No. 2:11cv17 (docket entry [23]). The Answer and Affirmative Defenses have been separately docketed in No. 2:11cv16 (docket entry [24]) and in No. 2:11cv17 (docket entry [25]).

[3] Only in Civil Action No. 2:11cv17 (docket entry [26]).

County Correctional Facility.[4]  In Civil Action No. 2:11cv16, Plaintiff alleges that Defendant Laura Stogner "took $6.00 off my inmate account" although he did not go to the doctor or nurse and did not fill out a medical form to see a doctor or nurse.  In Civil Action No. 2:11cv17, Plaintiff alleges that Defendant Laura Stogner failed to provide him adequate medical treatment with respect to a T.B. test.  Plaintiff's [26] Motion to Amend expands upon his claims against Defendant Stogner in Civil Action No. 2:11cv17.  The Complaints were filed on the same day and these cases are at the same stage of development.  Moreover, there are no other named defendants.

Consolidation is proper pursuant to Fed. R. Civ. P. 42(a), which permits the Court to consolidate actions involving common issues of law or fact, especially when doing so will avoid unnecessary costs or delay or will eliminate unnecessary repetition or confusion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984).  These cases will utilize many of the same witnesses and records.

Consolidation of these cases will serve to reduce the costs and expenses of all parties.  Likewise, by eliminating duplicate motions on the same issues and eliminating multiple hearings and trials, consolidation will conserve judicial time and resources.

Defendant's motions to dismiss referenced above appear to have been filed simply to preserve defenses under Fed. R. Civ. P. 12(b).  While affirmative defenses may be enumerated in the answer, the court will not recognize a motion included within the body of the answer, but only those raised by a separate filing.  *See* L. U. Civ. R. 7(b)(2)(A)   The motions to dismiss and

---

[4]Plaintiff is currently housed at the South Mississippi Correctional Institution.

the answers and affirmative defenses are identical within each case.[5] No briefs were filed in support of the motions as required by L. U. Civ. R. 7(b)(4).

Finally, Plaintiff's [26] Motion to Amend Complaint in Civil Action No. 2:11cv17 merely expands upon his claim in that case and further specifies the damages he seeks. Plaintiff's request to so amend will be granted.

Accordingly, **IT IS ORDERED:**

Defendant's [23] Motion to Consolidate in Civil Action No. 2:11cv16 is **GRANTED,** and Defendant's [24] Motion to Consolidate in Civil Action No. 2:11cv17 is **GRANTED**. These matters are hereby consolidated for all purposes, including trial. All future pleadings and filings shall be filed only in Civil Action No. 2:11cv16.

Defendant's [22] Motion to Dismiss in Civil Action No. 2:11cv16 is **DENIED WITHOUT PREJUDICE**, and Defendant's [23] Motion to Dismiss in Civil Action No. 2:11cv17 is **DENIED WITHOUT PREJUDICE**.

Plaintiff's [26] Motion to Amend Complaint in Civil Action No. 2:11cv17 is **GRANTED,** and the information contained therein will be considered in the disposition of his claims.

**SO ORDERED** this the 1st day of February, 2012.

s/ Michael T. Parker
United States Magistrate Judge

---

[5]The Court will schedule an omnibus hearing at the appropriate time to address various case management issues, including discovery and motions.